John H. Pennock, J.
This is .an article 78 proceeding to review an appeal determination of the Commissioner of Education of the State of New York on the grounds that such decision was arbitrary and capricious.
The motion of Union Free School District No. 2, of the Town of Southampton, to intervene is granted on the basis that any decision herein rendered will have a financial consequence to it.
The Commissioner respondent moves to dismiss the petition pursuant to subdivision (f) of CPLR 7804 on objections in point of law. (Education Law, § 310.) Here, the respondent Commissioner interjects his exclusive jurisdiction, both in law and fact, as both are inseparable in a review of this nature. “ The Constitution has made the Commissioner of Education the administrative head of the State system of education and he has been given the final authority in passing on the numerous questions bound to arise in the administration of the school system.” (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 138.) Of course the court at this juncture should dismiss the present petition, however, in order to effectuate a full review of the Commissioner’s decision and whether the decision is purely arbitrary, the court has reviewed all of the pleadings and exhibits. It appears that the only question that could seed arbitrariness is whether the affirmance of the local board’s decision not to deduct the Federal aid received under Public Laws 81-815 (64 U. S. Stat. 986) and 81-874 (64 U. S. Stat. 1100) from its over-all computations in arriving at a tuition cost for other district pupils attending its school. (Decision of Commissioner, No. 8076 [9 Ed. Dept. Rep. 88].)
I see no reason to relate all of the facts as the Commissioner’s decision concisely sets forth the pertinent facts. He further sets forth the various statutory authorities on which he bases his decision. He further gave consideration to section 2045 of the Education Law, and the fact that guidelines issued by his department are not mandatory, but advisory. Thus the result that some school districts charge to nonresident students allow a deduction based upon the Federal aid. For this court to find that all districts are held to similar accounting practices would -surely be a judicial invasion of the education sanctuary. These appear to be the very type controversy that the Legislature has dictated be left to the Commissioner of Education.
*154 The respondent’s brief indicates a concern that, “ the Commissioner ’-s decision leaves open the question of whether or not that aid should be deducted in the computation of tuition This refers to pupils resident of East Quogue for which payment of Federal aid is made to Westhampton Beach pursuant to an agreement between the two districts approved by the United States Commissioner of Education which sets forth an exception to the general residence rule set forth in the United States Code (tit. 20, § 645, subd. [5], par. [A]).
The petition is dismissed except as to that portion as set forth in the preceding paragraph which is remitted to the Commissioner for further consideration and determination.